UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNA MITCHELL,

               Plaintiff,

     -Against-

WE ARE SOCIETY6, LLC,

               Defendant,
------------------------------------------------------------X

COMPLAINT

ECF CASE

JURY TRIAL DEMANDED

Plaintiff, DONNA MITCHELL, by her attorneys, EDWARD C. GREENBERG, LLC, alleges as follows:

## THE PARTIES

1. Plaintiff DONNA MITCHELL (hereinafter "MITCHELL") a resident of the State of New York, County of New York.

2. Defendant WE ARE SOCIETY6, LLC (hereinafter "SOCIETY6") is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1655 26th Street in Santa Monica, California 90404.

## JURISDICTION

3. Plaintiff resides in the Southern District of New York.

4. Jurisdiction is conferred upon this Court by 15 U.S.C. §1125 (a).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein, inclusive of those relevant to claims under the New York Civil Rights Law § 50, 51, occurred in this State and this District.

6. The events and occurrences giving rise to this Action took place in the Southern District of New York.

1

7. Upon information and belief, SOCIETY6 regularly conducts business in the State and County of New York.

## FACTS RELEVANT TO ALL CLAIMS

8. That plaintiff DONNA MITCHELL is a model and actress of considerable reputation.

9. That MITCHELL is a professional model, whose modeling career spans five decades.  MITCHELL HAS been photographed by famous photographers including the legendary Richard Avedon, Bob Richardson, Melvin Sokolsky, and Steven Meisel.

10. MITCHELL is well known in and to (at least) the modeling and acting industries, and her image and identity have been exposed on national TV and in other media to the general public.

11. MITCHELL's image has been featured on the covers of elite fashion magazines such as Vogue Magazine (multiple issues), and Harper's Bazaar.  That said magazines were distributed in the United States, Europe and elsewhere.

12. Annexed hereto as **Exhibit "A"** is a sampling of MITCHELL's body of work as a professional model.

13. MITCHELL, whose modeling career spans nearly five decades, continues to work as a model as of the date of this Complaint.

14. That MITCHELL's name and image were included in, among others, the July/August 2014 issue of Harper's Bazaar and the June 2012 issue of Vogue Italia.

15. That MITCHELL was featured in the September 2013 and September 2014 issues of Elle Magazine, as well as the September 2013 issue of More Magazine.

16. That MITCHELL has acted in dozens of movies and television shows including but not limited to "All My Children", "Syriana", "Law & Order", "Mona Lisa Smile", "The

Exorcist", "As the World Turns", "Psycho IV: The Beginning", "In the Heat of the Night", "Dallas", "Matlock", "Cagney & Lacey", and "Spenser: For Hire".

17. Annexed hereto as **Exhibit "B"** is a copy of MITCHELL's Internet Movie Database page, showing a portion of her body of work in film and television.

18. That MITCHELL remains active as an actress, having acted in various television shows and movies, scheduled to air on or around the date of this Complaint, including but not limited to: "The Affair", the Showtime series scheduled to begin airing in October of 2014; "Olive Kitteridge", the HBO miniseries scheduled to air in November 2014, and the movie "St. Vincent" starring Bill Murray, which opens in theatres on October 10, 2014.

19. That the notoriety of Plaintiff's image and persona is centered in New York, New York, where plaintiff has based her modeling and acting careers and where plaintiff resides.

20. That plaintiff is also well known as an actress and model in Europe.

21. Through MITCHELL's career, she has derived income from professional modeling and acting, the jobs of which are dependent upon her name, reputation and physical appearance.

22. Over the course of her career, MITCHELL has been represented by and under contract to some of the most prestigious modeling agencies in the world, including Ford Models, Elite Model Management, IMG, and Iconic Focus, a department run in connection with Trump Models.

23. That (especially) during the 1960s and 1970s, plaintiff MITCHELL was a top international fashion model and was represented by, and under contract to, Ford Models, Inc.

24. That Ford Models, Inc. at such time and continuing to date is one of the most prestigious, if not the most recognizable and well known modeling agency in the United States, Europe and elsewhere.

25. That Ford Models, Inc. at all times relevant was very selective as to which models it agreed to represent and has always been considered to be reputable and a "top tier" model agency.

26. That feature articles have been written about MITCHELL in general interest magazines such as Vogue Magazine and More Magazine, both of which have widespread circulations.

27. That over the course of her career plaintiff has earned considerable sums in exchange for the use of her name, image, portrait or likeness in connection with the sale or promotion of products or services which plaintiff elected to associate herself with on terms and conditions agreeable to her.

28. That Mitchell's image, portrait and likeness has been used in connection with the sale of products in the United States and internationally.

29. That as a result of her looks, professionalism and notoriety, MITCHELL was sought after by some of the leading artists of the 20th Century including, but not limited to, Richard Avedon, and Bob Richardson, who specifically requested that she serve as the subject of their artistic works in various artistic formats.

30. That such works bearing photographs of MITCHELL were created by such artists (and others) and have appeared in museums, galleries and have been included in art books sold, viewed and distributed worldwide and are otherwise noteworthy.

31. That MITCHELL's name and image have a proven value and selling power.

32. That MITCHELL is distinguished among other models and actresses by her eyes, a feature of her beauty that makes her recognizable universally.

33. That often photographic shoots and projects would be designed for MITCHELL by the photographer.

34. That particularly during the 1960s, MITCHELL served as the inspiration for photographer Bob Richardson.

35. That MITCHELL's image is on the cover of the biographical book entitled "Bob Richardson", written by Richardson's son, photographer Terry Richardson. That said image of MITCHELL is often considered by the public to be Bob Richardson's most famous work.

36. That fine art images of MITCHELL are in the collection of the distinguished Victoria and Albert Museum in London, England.

37. That fine art images of MITCHELL have been featured at galleries such as the Staley Wise art gallery in New York, New York.

38. That Plaintiff's name is well known as that belonging to the talented actress and model.

39. That Mitchell remains an active model and actress whose name, image and likeness are relevant today.

## THE IMAGES THAT ARE THE SUBJECT OF THIS ACTION

40. At least five (5) photographic images of MITCHELL are at issue in this Complaint.

41. That one image at issue is an image of MITCHELL that was created by the famed photographer Richard Avedon, which was published on the cover of the August 1971 issue of Vogue Magazine (hereinafter the "Avedon Vogue Image", a copy of which is annexed hereto as **Exhibit "C"**).

42. The Avedon Vogue Image depicts MITCHELL from a side view with her left arm hunched forward, her face toward the camera, and her hair at shoulder length.

43. Another image of MITCHELL at issue herein, was created by photographer David Bailey, and became known publicly as "The Wink" (hereinafter the "The Wink Image", a copy of which is annexed hereto as **Exhibit "D"**).

5

44. The Wink Image was published on the cover of the June 1972 issue of Vogue Magazine, and depicts MITCHELL with her left eye closed and a plaid scarf on her head to cover her hair.

45. Another image of MITCHELL that is at issue herein, from on or around 1971, depicts MITCHELL looking straight into the camera with her chin on her left shoulder (hereinafter the "Shoulder Image", a copy of which is annexed hereto as **Exhibit "E"**).

46. Another image of MITCHELL that is at issue herein, created by the renowned Richard Avedon, which was published in the January 1972 issue of Vogue, depicts MITCHELL sitting and leaning back with one hand to her side on the floor and the other hand raised and through her hair, with her elbow resting on her knee (hereinafter the "Hand-in-Hair Image", a copy of which is annexed hereto as **Exhibit "F"**).

47. Another image of MITCHELL that is at issue herein, photographed by Bob Richardson, which was published in the September 1966 issue of Vogue, depicts MITCHELL leaning into an open window, wearing a cloche hat, a scarf around her neck, and holding a bouquet of flowers in her left arm (hereinafter the "Richardson Image"), a copy of which is annexed hereto as **Exhibit "G"**).

48. That the Avedon Vogue Image, The Wink Image, Shoulder Image, Hand-in-Hair Image, and Richardson Image shall hereinafter be collectively and individually referred to as the "Subject Image(s)".

49. That the Subject Images of plaintiff are well known as being of plaintiff.

50. That plaintiff is clearly recognizable as the model in the Subject Images.

51. That plaintiff is well known for being the model in the Subject Images.

**THE UNAUTHORIZED USES OF PLAINTIFF'S IMAGE**

52. That defendant has employed plaintiff's name and the Subject Images on its website www.society6.com for commercial, trade and advertising purposes.

53. That Society6 is a commerce company that produces and distributes its products to consumers.

54. That Society6 operates a website www.society6.com (the "Society6 Website").

55. That Society6 enables third parties to submit artwork to the Society6 Website to be sold on various products to be manufactured, produced and distributed by Society6, with a percentage of the profits from the sales going to the third party.

56. That Society6 directly profits from the sale of products through the Society6 Website.

57. A printout from the Society6 website, under the heading "Seller's Guide", is annexed hereto as **Exhibit "H"** (hereinafter the "Seller's Guide").

58. That the Seller's Guide makes clear that Society6 produces the items, packages the items, and ships the items directly to the purchasers.

59. The Seller's Guide sets forth the amount of money that the person who submitted the imagery will receive on each sale. Upon information and belief, the remainder of the sale price for each item goes to Society6 for its own economic benefit.

60. Upon information and belief, Society6 received six (6) versions of the five (5) Subject Images of Plaintiff from one Otis Porrit.

61. That Society6 displayed and distributed the Subject Images on the Society6 website.

62. Society6 offered for sale to the public various products adorned with the Hand-in-Hair Image of Plaintiff, including art prints in various sizes, clocks in varying colors, framed

7

art prints, canvas prints, ipad cases, phone cases for various phone models, phone skins for various phone models, pillows, rugs, stationary, and tote bags in various sizes (copies of screen captures from the Society6 Website with such offers for sale are annexed hereto as **Exhibit "I"**).

63. Society6 offered for sale to the public various products adorned with the Shoulder Image of Plaintiff, including art prints in various sizes, clocks in varying colors, framed art prints, canvas prints, pillows, and tote bags in various sizes (copies of screen captures from the Society6 Website with such offers for sale are annexed hereto as **Exhibit "J"**).

64. Society6 offered for sale to the public various products adorned with The Wink Image of Plaintiff, including art prints in various sizes, clocks in varying colors, framed art prints, canvas prints, pillows, and tote bags in various sizes (copies of screen captures from the Society6 Website with such offers for sale are annexed hereto as **Exhibit "K"**).

65. Society6 offered for sale to the public various products adorned with the Avedon Vogue Image of Plaintiff, including art prints in various sizes, framed art prints, canvas prints, clocks in varying colors, tote bags in various sizes, pillows, shower curtains, and duvet covers for various size beds (copies of screen captures from the Society6 Website with such offers for sale are annexed hereto as **Exhibit "L"**).

66. Society6 offered for sale to the public various products adorned with the Richardson Image of Plaintiff, including art prints in various sizes, framed art prints, canvas prints, clocks in varying colors, tote bags in various sizes, pillows, and upon information and belief, other products (copies of printouts from the Society6 Website with such offers for sale are annexed hereto as **Exhibit "M"**).

67. Upon information and belief, Society6 in fact made sales for products bearing one or more of the Subject Images.

8

68. That all orders for any of the aforementioned products adorned with the Subject Image(s) were made directly by consumers to Society6.

69. That Society6 directly fulfilled any and all orders for any of the aforementioned products.

70. Upon information and belief, as its general business practice, when Society6 receives an order, it receives payment from the consumer, manufactures and produces the product, and then ships the product to the consumer.

71. As the general practice at Society6, the person who submitted the imagery to Society6 does not manufacture the products sold by Society6.

72. As the general practice at Society6, the person who submitted the imagery to Society6 does not distribute the products sold by Society6 to consumers.

73. That the aforementioned uses of plaintiff's name and the Subject Images by Society6 were without her knowledge, authorization or consent.

74. In order to trade on and otherwise economically benefit, Society6 employed Plaintiff's name "Donna Mitchell" on the Society6 Website in connection with the listings for the products bearing the Subject Images.

75. That plaintiff became aware that goods, which displayed her image, were being made, sold and distributed by Society6.

76. That purchases of the items bearing plaintiff's Subject Images were made from the State of New York.

77. That Society6 entered into financial transactions with persons in the State of New York and elsewhere relating to goods bearing the Subject Images.

78. That Society6 sold items bearing the Subject Images to consumers located in the State of New York and elsewhere.

9

79. That Society6 produced and manufactured items bearing the Subject Images with the intention that they be distributed to consumers in the State of New York and elsewhere.

80. That Society6 distributed products bearing one or more of the Subject Images to the State of New York and elsewhere.

81. Upon information and belief, Society6 possesses no copyright license by the photographers including Richard Avedon, David Bailey, and Rob Richardson, to create manufacture, produce, and distribute products bearing the Subject Images.

82. That the Digital Millenium Copyright Act does not shield Society6 from liability under the Copyright Act for the creation, sale and distribution of products utilizing a third party's intellectual property.

83. That the Digital Millenium Copyright Act does not shield Society6 from liability under the Lanham Act, 15 U.S.C. 1125, nor under Sections 50, 51 of the New York Civil Rights Law, under any circumstances.

84. That neither MITCHELL, nor her agents, ever authorized, permitted or consented to the licensing or providing of her image or license to either Society6 or Otis Porrit.

85. That the fee that MITCHELL would have required to consent to the use of her image on multi-size art prints, clocks, duvet covers, tote bags, cell phone cases, ipad cases, canvas prints, stationary, pillows, and floor rugs, among other items, would have been *substantial*.

86. That neither Society6 nor Otis Porrit ever sought or obtained consent from MITCHELL or anyone on her behalf to use her name, nor the Subject Images of her as complained of herein.

87. That had Society6 and/or Otis Porrit requested from plaintiff that she consent to the uses of the Subject Images complained of herein, in connection with the production, sale and distribution of Society6' products, she would have denied said requests.

88. That the Subject Images of plaintiff are iconic photographs created by photography legends, which have intrinsic and great economic value.

89. That the value of plaintiff's name and the Subject Images of plaintiff are cheapened and diluted by their mass production on a multitude of household products such as shower curtains and floor rugs.

90. That, at no time did MITCHELL consent to endorse, promote, advertise or otherwise be associated with Society6, nor any of its products.

91. That upon information and belief, Society6 and sold and distributed products bearing one or more of the Subject Image(s) to consumers in this District in the State of New York, throughout the United States, and Worldwide.

92. That any use of MITCHELL's name, image or likeness on any products or advertisements produced, sold, displayed or distributed by Society6 is violative of The New York Civil Rights Law § 50, 51, and § 43(a) of The Lanham Act.

93. That the complained of uses of Plaintiff's name and the Subject Images by Society6 were calculated and intended to, and in fact did, bestow upon defendants an economic advantage by *inter alia*, promoting and generating sales of products.

94. That Society6 further benefited by implying to its consumers and browsers of its website that it had secured the rights to sell products and to use the name of one of the world's iconic models.

95. That the unauthorized use of Plaintiff's name and the Subject Images by Society6 occurred in the State of New York, other states in the United States and elsewhere.

11

**ADDITIONAL FACTS RELEVENT TO ALL CLAIMS**

96. That Society6 was on actual notice that MITCHELL is the identity of the model depicted in the Subject Images.

97. That despite such notice, Society6 did not seek to contact MITCHELL with regard to its uses of either plaintiff's name or the Subject Images.

98. That no such permission, authorization or consent has ever been granted to defendants.

99. That Sections 50, 51 of the New York Civil Rights Law require that any person or company first obtain a written release signed by the model prior to their use of the model's name, image or likeness for trade or advertising purposes in the State of New York.

100. That Society6 knew that it did not possess a written release signed by MITCHELL.

101. That despite such knowledge that it did not possess a release signed by MITCHELL, Society6 used plaintiff's name and the Subject Images for commercial, trade and advertising purposes.

102. That the actions/inactions of Society6 as set forth herein, demonstrate the appropriateness of an award of exemplary damages as permitted by the NY Civil Rights Law Section 51 and the legislative intent behind NY Civil Right Law Section 50 (which characterizes such unauthorized usage a misdemeanor).

103. Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and filing of suit.

104. On August 19, 2014, MITCHELL, by her counsel, sent a written notice letter to SOCIETY6, advising it, *inter alia*, to remove plaintiff's name and the Subject Images from the Society6 Website, to cease the production, sales and distribution of all products utilizing the

Subject Images and/or plaintiff's name in any way, that its uses of the Subject Images and plaintiff's name were in violation of New York Civil Rights Law 50, 51 as well as Section 43(a) of the Lanham Act, 15 U.S.C. 1125, and that it has no right to use plaintiff's name nor the Subject Images of Plaintiff in any way, shape or form (hereinafter the "August 19, 2014 Notice Letter", a copy of which is annexed hereto as **Exhibit "N"**, sans its exhibits which are elsewhere annexed to this Complaint).

105.  That the August 19, 2014 Notice Letter requested, *inter alia*, a disclosure of the full nature and extent of defendant's uses of plaintiff's name and the Subject Images so that Plaintiff could in good faith formulate a reasonable fee to compensate her for the unauthorized uses.

106.  That defendant failed to respond orally or in writing to the August 19, 2014 Notice Letter until September 10, 2014.

107.  Despite plaintiff's written requests, Society6 has failed to disclose to plaintiff the full nature and extent of its uses of plaintiff's Image, including but not limited to when it first began employing plaintiff's name and the Subject Images, the date upon which the Images were removed, how many sales were made and of what products, and the amount of money received by Society6 in exchange for the products sold.

108.  Upon information and belief, Society6 maintains records demonstrating and reflecting all transactions wherein any and all products employing plaintiff's name and the Subject Images were produced, manufactured, sold and/or distributed.

109.  That information regarding the full production history, manufacturing history, sales history, and distribution history of the Subject Images and plaintiff's name are within defendant's custody, possession and control.

110. That defendant apparently has attempted to remove plaintiff's name and the Subject Images from the Society6 Website, however as of the date of this document certain images and posts with plaintiff's name remain visible through their website on the world wide web.

111. Upon information and belief, Society6 possesses sufficient knowledge and financial and legal resources and hold themselves out to be familiar with applicable law regarding the use of a person's image, photograph, portrait or likeness within the State of New York and elsewhere, and knew or should have known and been familiar with such laws, statutes and advertising codes of conduct.

112. Defendant has failed to provide any compensation to MITCHELL for its uses of either her name or the Subject Images without MITCHELL's signed written consent.

113. That the use of plaintiff's name and image is/may be a violation of the Federal Trade Commission Act, section 5, 15 U.S.C. 45. in that defendant has unfairly used plaintiff's name and image in its commercial activities of advertising its products.

114. Upon information and belief defendant is a sophisticated licensor and licensee of intellectual property and knows that it must obtain the rights to intellectual property created by third parties and the models depicted in said works prior to its commercial use of same.

115. Upon information and belief, defendant failed to adhere to the procedures and protocols necessary for it to obtain the rights to use plaintiff's name and the Subject Images prior to its use of same.

116. That defendant has commercially benefited from its uses of the Subject Images and plaintiff's name.

117. That no permission, consent or authorization for use of MITCHELL's name or the Subject Images on any products was ever sought by nor given to Society6 at any time.

118. That the full nature and extent of all unauthorized uses of plaintiff's name and the Subject Images of Plaintiff by Society6 are unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendant. That such details and information are expected to be ascertained through discovery in this action.

119. The Defendant has no defense at law to the claims set forth herein, nor is it, upon information and belief, in possession of any exculpatory documents although same have been duly demanded from them.

120. Paragraphs "1" through "119" are incorporated by reference with respect to each of the below claims for relief.

### JURY DEMAND

121. The plaintiffs request a trial by jury on all issues.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF NEW YORK CIVIL RIGHTS LAW §50 and  §51

122. That the New York Civil Rights Law § 50 and 51 specifically proscribe the use of an individual's name, portrait or picture for trade, commercial or advertising without the written consent of said individual.

123. The New York Civil Rights Law § 51 provides *inter alia*, that compensatory and exemplary damages are recoverable thereunder.

124. Section 50 of the New York Civil Rights Law evidences a strong public policy against such unauthorized use, defining any such offense as a *misdemeanor*.

125. Section 51 of the New York Civil Rights Law enumerates civil remedies available thereunder including but not limited to money damages in the form of compensatory and/or exemplary damages and injunctive relief.

126.  Defendant's proscribed uses of plaintiff's name and the Subject Images are in direct violation of the New York Civil Rights Law § 50, 51 as there existed/exists no executed written consent to the specific uses complained of herein.

127.  Defendant's proscribed uses of plaintiff's name and the Subject Images are in direct violation of the New York Civil Rights Law § 50, 51 as they failed to possess an executed written consent prior to any use by them of the Subject Images or plaintiff's name.

128.  That Society6 had actual knowledge that it had no authorization, consent or license from the Plaintiff to use the Subject Images or plaintiff's name for commercial, trade or advertising purposes.

129.  Notwithstanding such knowledge, Society6 employed Plaintiff's name and image knowingly in violation of law.

130.  As a result of the foregoing and pursuant to said statutes, Plaintiff has been damaged and is entitled to relief as per statute in the forms of compensatory damages, in a sum to be determined by this Court, plus punitive or exemplary damages in a sum ultimately to be determined by this Court, and costs and disbursements incurred by plaintiff in the prosecution of this action, together with an Order from this Court permanently restraining the defendant herein from utilizing the name, image or likeness of the plaintiff for any commercial, trade or advertising purposes.

<b><u>AS AND FOR A SECOND CLAIM FOR RELIEF<br>VIOLATION OF §43(a) OF THE LANHAM ACT</u></b>

131.  That as set forth herein, Plaintiff's image and persona have been used extensively and employed in international advertising campaigns for well-known products and marks, and are recognizable to the general public in *at least* the United States, and specifically regions and/or audiences in which and to whom the offending images were aimed in connection with goods and services, or any container for goods or uses in commerce.

132. Plaintiff's image has been employed in massive ad campaigns seen in the same geographic areas as Society6's advertising, production, sale and distribution of its products.

133. That the persons viewing the products bearing the Subject Images and seeing plaintiff's name on the Society6 Website, as well as the consumers ordering such products, are persons who are well aware of Plaintiff's image, name and persona, and to whom plaintiff's image and name are recognizable.

134. That the products were identified on the Society6 Website by plaintiff's name "Donna Mitchell".

135. That as set forth in the description for the items bearing the Subject Images on the Society6 Website "Donna Mitchell is an actress, known for All My Children (1970), The Exorcist (1973) and As the World Turns (1956) and Vogue cover girl and model in the 1960s".

136. That Plaintiff is a celebrity with wide public notoriety.

137. That defendant intentionally traded on Plaintiff's celebrity and notoriety.

138. That, as a result of defendant's unauthorized uses of plaintiff's name and the Subject Images, MITCHELL is made to appear as if she is endorsing Society6 and its products.

139. That plaintiff has not endorsed Society6, nor its products, and any representations of same are utterly false and misleading.

140. That defendant has used, in connection with plaintiff's name and the Subject Images of Plaintiff, the Society6 name and logo, each of which falsely and/or misleadingly represents that MITCHELL and Society6 have a brand partnership and/or business relationship.

141. That defendant has used, in connection with the Subject Images of Plaintiff on the Society6 website and on Society6 apparel, plaintiff's name and image, each of which falsely

and/or misleadingly represents that MITCHELL and Society6 have a brand partnership and/or business relationship.

142.  That the afore described uses of plaintiff's name and the Subject Images by Society6 gives the false impression to the general public that MITCHELL has decided to and/or financially needs to supplement her income by allowing her image to be sold on handbags, clocks, and floor rugs, among other products.

143.  That the inclusion of "by The Griffin Passant" by Society6 in association with the Subject Images and plaintiff's name, falsely and misleadingly represents that the photographic images of plaintiff were created by "The Griffin Passant", rather than the original photographer(s) of the image(s) of Plaintiff.

144.  That the hereinabove stated use of Plaintiff's image has expressly, implicitly, and/or negligently created a false impression of endorsement by Plaintiff for defendant's consumer goods and services.

145.  That defendant has caused Plaintiff's to be falsely associated with the sale of tote bags, clocks, floor rugs, and other products offered for sale, produced, distributed, and sold by Society6.

146.  That the general public is likely to be, and has been, deceived and/or confused into thinking that products that are the subject herein were sponsored by, or associated with Plaintiff, or that Plaintiff has provided her sponsorship or approval to such goods and/or the services of Society6.

147.  That the general public is likely to be, and has been, deceived and/or confused into thinking that Mitchell and Society6 have a business arrangement and/or branding agreement with each other.

148. Plaintiff has been injured as a result of defendant's unauthorized use of her name and the Subject Images.

149. That, the use of Plaintiff's name and Subject Images in connection with commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of defendant's goods.  That disinterested third parties may have relied on such misrepresentation in seeking to purchase a "Donna Mitchell" product.

150. That the foregoing false endorsement constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

151. As a proximate result of defendant's acts, Plaintiff has been damaged in an amount ultimately to be determined by this Honorable court.

**WHEREFORE**, Plaintiff demands judgment against the defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF** – an award of an amount ultimately to be determined by the court, inclusive of an award of compensatory damages, and exemplary damages with interest thereon, and a permanent injunction;

**ON THE SECOND CLAIM FOR RELIEF**– an award of an amount ultimately to be determined by the court, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1117(a);

And an Order of injunction permanently enjoining and prohibiting defendant, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of products, advertisements, or any other publication, bearing the name, portrait, photograph, image or likeness of plaintiff DONNA MITCHELL, pursuant to The New York Civil Rights Law § 51, and/or The Lanham Act, 15 U.S.C. 1125;

An award of attorneys' fees, costs and expenses associated with the prosecution of this matter;

And such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 10, 2014

                                        EDWARD C. GREENBERG, LLC

                                        By: Edward C. Greenberg, Esq. (EG 5553)
                                        By: Tamara L. Lannin, Esq. (TL 3784)
                                        570 Lexington Avenue, 19th Floor
                                        New York, New York 10022
                                        Tel: (212) 697-8777
                                        Fax: (212) 697-2528
                                        *Attorneys For Plaintiff*